## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LATONDRA INGRAM, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 11-cv-6566 |
| v. | ) ) | |
| WORLD SECURITY BUREAU, INC. and DENA HALLOWAY, | ) ) ) | (JURY TRIAL DEMANDED) |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, LATONDRA INGRAM, individually and on behalf of all other similarly-situated employees, by and through her counsel, bring claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* (the "FLSA"), against Defendants WORLD SECURITY BUREAU, INC. and DENA HALLOWAY (hereinafter collectively referred to as "Defendants") their subsidiaries and affiliates, and allege, upon personal belief as to themselves and their own acts, and as for all other matters, upon information and belief, and based upon the investigation made by their counsel, as follows:

### JURISDICTION AND VENUE

1.    This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction." The representative Plaintiff has signed an opt-in consent form to join this lawsuit (Exhibit A).

2.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

3.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants reside in and do business within this District.  In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

4.     Latondra Ingram is a resident of Illinois and worked for Defendants as a non-exempt, uniformed security guard during the applicable statute of limitations period.

5.     Latondra Ingram was employed by Defendants as an "employee" as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1).

6.     Latondra Ingram brings this case on behalf of herself and other similarly-situated employees, as defined by 29 U.S.C. §201, sec. 3(e), who currently work, or who worked as non-exempt, uniformed security guards at any time during the three-year period immediately preceding the filing of the original Complaint (hereinafter "Violation Period"), for the Defendants.

7.     At all times pertinent hereto, Defendant, WORLD SECURITY BUREAU, INC. is a Delaware corporation which maintains offices and does business in the State of Illinois, including this judicial district.  Defendant WORLD SECURITY BUREAU, INC. is, and was at all relevant times, an "employer" within the meaning of 29 U.S.C. §203(d) of the FLSA.

8.     Defendant, DENA HALLOWAY, is the President of WORLD SECURITY BUREAU, INC.  In this capacity, Dena Halloway is involved in the day to day business operations of World Security Bureau, Inc., and has authority to hire and fire employees, the authority to direct and supervise the work of employees, including the Plaintiffs in this case, the authority to sign corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, employee compensation and capital expenditures.  At

2

all relevant times, Dena Halloway acted and had responsibility to act on behalf and in the interests of Defendants in devising, directing, implementing and supervising the wage and hour practices and policies relating to their employees. As such, at all times hereinafter mentioned, Defendant, Dena Halloway has been and is an "employer" as defined by 29 U.S.C § 203(d) of the Fair Labor Standards Act.

## FACTUAL BACKGROUND

9.    Plaintiffs are individuals who were employed by Defendants as non-exempt, uniformed security guards or any other similarly-titled position during the statutory period. Plaintiffs all shared similar job titles, job descriptions, job requirements and compensation plans, amongst other things.

10.    Defendants managed Plaintiffs' work, including uniform and appearance requirements, amount of time worked and compensation paid. Defendants dictated, controlled and ratified the wage and hour and all related employee compensation policies.

11.    Plaintiffs were classified by Defendants as non-exempt under the FLSA and paid an hourly rate.

12.    Defendants suffered and permitted Plaintiffs to regularly work more than 40 hours per week without proper overtime compensation. Plaintiffs were routinely required to perform unpaid work for Defendants' benefit in one or more of the following ways:

  a.   Working past their scheduled shift until the relieving security guard arrives at the site;

  b.   Attending mandatory meetings;

  c.   Completing paperwork, receiving messages and performing other work off the clock; and,

       d.  Complying with Defendants' dress code policy by cleaning and maintaining their uniforms.

13.     Despite the agreement to pay Plaintiffs for all the time worked, Defendants automatically deducted 30 minutes each day for break times regardless of whether a 30 minute break was actually taken. Defendants' did not maintain proper time records reflecting whether Plaintiffs took breaks or worked through their meal breaks during the statutory period.

14.     Pursuant to Defendants' security guard dress code and appearance policy, Plaintiffs were required to obtain and wear uniforms consisting of uniform pants, shirt, utility belt, black shoes and other items. Moreover, Plaintiffs were required to maintain their uniforms in a clean and pressed condition at all times. Plaintiffs worked each week to comply with Defendants' uniform appearance requirements. As a result of its dress code policy and the extra time spent by Plaintiffs maintaining their uniforms, Defendants were aware that Plaintiffs routinely worked more than 40 hours per week. Nonetheless, Defendants failed to properly pay its uniformed security guards for all time actually worked, including overtime compensation as required by the FLSA.

15.     Defendants failed to accurately record actual hours worked by the Plaintiffs. Rather, Defendants willfully encouraged its employees to perform tasks and work additional time, including overtime, while off-the-clock.

16.     Defendants knew and were aware at all times that their uniformed security guards routinely worked more than 40 hours per week. Nonetheless, Defendants failed to properly pay their uniformed security guards for all overtime hours actually worked.

17.     Defendants' practices violated the provisions of federal law. As a result of Defendants' unlawful practice, the Defendants benefited from reduced labor and payroll costs.

18.    Plaintiffs were all subject to Defendants' uniform policies and practices and were victims of Defendants' schemes to deprive them of regular and overtime compensation.  As a result of Defendants' improper and willful failure to pay Plaintiffs in accordance with the requirements of the FLSA, Plaintiffs suffered lost wage and other damages.

## FLSA COLLECTIVE ACTION ALLEGATONS

19.    Representative Plaintiff, Latondra Ingram, brings this case as a collective action on behalf of herself and other similarly-situated individuals pursuant to 29 U.S.C. §216(b) to recover unpaid wages, unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

20.    The proposed collective class of similarly-situated persons is defined as:

> All individuals who were employed, or are currently employed, by one or more of the Defendants, their subsidiaries or affiliated companies, in the state of Illinois as hourly paid, non exempt, uniformed security guards or any other similarly-titled position at any time during the relevant statute of limitations period.

21.    This action is properly maintained as a collective action because the Representative Plaintiff is similarly situated to the members of the collective class with respect to job title, job description, job duties, and Defendants' compensation policies and procedures.

22.    Defendants encouraged, suffered and permitted the representative Plaintiff and the collective class to work more than forty (40) hours per week without the proper overtime compensation.

23.    Defendants knew that the representative Plaintiff and the collective class performed work that required additional wages and overtime compensation to be paid.  Nonetheless, Defendants operated under a scheme, as described above, to deprive the representative Plaintiff and the collective class of wages and overtime compensation.

5

24.     Defendants' conduct, as alleged herein, was willful and has caused significant damage to the representative Plaintiff and the collective class.

25.     Defendants are liable under the FLSA for failing to properly compensate the representative Plaintiff and the collective class.  Plaintiffs request that the Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b), for the purpose of seeking unpaid wages, unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

26.     Plaintiffs estimate that there are at least 50 members of the collective class.  The precise number of collective class members can be easily ascertained by using Defendants' payroll and personnel records.  Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in Defendants' offices.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

27.     Plaintiffs incorporate by reference all preceding paragraphs.

28.     The Representative Plaintiff and other uniformed security guards are similarly-situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

29.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

30.     Plaintiffs worked time in excess of 40 hours per week for the Defendants, but were not properly paid overtime wages in violation of the FLSA.

31.     Through their actions, policies and practices, Defendants violated the FLSA by regularly and repeatedly failing to compensate the Representative Plaintiff and other uniformed security guards for all actual overtime worked.

32.     Defendants also willfully failed to pay wages, overtime pay and other benefits to the Plaintiff and other similarly-situated employees by failing to keep accurate time records to avoid paying them overtime wages and other benefits.

33.     The foregoing actions of Defendants violated the FLSA.

34.     Defendants' actions were willful and not in good faith.

35.     As a direct and proximate cause of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer a loss of income and other damages.

36.     Defendants are liable to Plaintiff and other members of the collective class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs and expenses.

37.     Plaintiffs are also entitled to injunctive relief to prevent Defendants from continuing their violation of the FLSA and other appropriate class-wide injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, LATONDRA INGRAM, individually and on behalf of all others similarly situated, by and through her attorneys, demand judgment against the Defendants and in favor of the Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiffs for the nature, extent and duration of their damages, the costs of this action and as follows:

A.      Order the Defendants to file with this Court and furnish to counsel a list of all names and addresses of all uniformed security guards or any other similarly-titled position who have worked for the Defendants within the last three years;

B.    Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all uniformed security guards or any other similarly-titled position who have worked for the Defendants within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked regular hours or overtime hours in excess of forty hours in a week during the liability period, but were not paid as required by the FLSA;

C.    Appoint Stephan Zouras, LLP as counsel for the Plaintiffs;

D.    Declare and find that the Defendants committed one or more of the following acts:

    i.    Violated overtime provisions of the FLSA by failing to pay regular and overtime wages to Plaintiff and similarly-situated persons who opt-in to this action; and,

    ii.    Willfully violated overtime provisions of the FLSA.

E.    Award compensatory damages, including all pay owed, in an amount according to proof;

F.    Award liquidated damages on all compensation due accruing from the date such amounts were due;

G.    Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

H.    Grant leave to amend to add claims under applicable federal laws;

I.    Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

J.    For such further relief as the Court deems just and equitable.

Dated: September 19, 2011        Respectfully Submitted,

*/s/ Andrew C. Ficzko*
James B. Zouras
Ryan F. Stephan
Andrew C. Ficzko
Stephan Zouras, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
312-233-1550
312-233-1560 f

**ATTORNEYS FOR THE PLAINTIFFS**