# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6566 | **DATE** | 12/21/2012 |
| **CASE TITLE** | Latondra Ingram, et al. vs. World Security Bureau, Inc., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court grants in part and denies in part defendants' motion to decertify this suit as a collective FLSA action [89]. The motion is granted as to plaintiffs' pre-shift, post-shift and uniform maintenance claims and denied with respect to the meeting and meal break claims.

■ [ For further details see text below.]    Docketing to mail notices.

## STATEMENT

On November 15, 2011, the parties stipulated to the conditional certification of plaintiffs' FLSA claims for unpaid pre- and post-shift work, uniform maintenance, meeting attendance and meal breaks. Defendants now ask the Court for decertification, arguing that the differences among plaintiffs' claims are too great to warrant collective treatment. Plaintiffs "do not oppose [the] motion with respect to [the] pre-shift, post-shift and uniform maintenance claims." (Pls.' Opp'n Mot. Decertify at 1.) Thus, the Court grants the motion to decertify as to those claims and addresses only the meeting and meal break claims.

Plaintiffs can maintain a collective action only if they show that there is "an identifiable factual nexus that binds [them] together as victims of a particular [FLSA] violation." *Vennet v. Am. Intercont'l Univ. Online*, No. 05-4889, 2005 WL 6215171, at *6 (N.D. Ill. Dec. 22, 2005) (quotation omitted). To determine whether there is such a nexus, the Court considers the degree of similarity in the plaintiffs' "factual and employment settings," the extent to which available defenses apply only to certain plaintiffs and the feasibility of resolving the claims in a collective action. *Id.* at *7.

Defendants say they have a mandatory thirty-minute meal break policy and any deviations from it are idiosyncratic events, the propriety of which must be determined individually. The Court disagrees. One of the nine plaintiffs deposed by defendants testified that he "generally received an uninterrupted [meal] break" and another recalls missing only one. (*See* Defs.' Ex. G, Turner Dep. at 42; Defs.' Ex. H, Macklin Dep. at 41-43.) However, the other seven testified that they were regularly denied meal breaks and were required, and/or required others, to sign a log attesting that they had taken a break, even if they had not. (*See* Defs.' Ex. C, Brown Dep. at 59-60 (testifying that he did not get a break "[t]wo-thirds of the time"); Defs.' Ex. D, Horne Dep. at 67-69 (testifying that he did not get a break "35 to 40 percent of the time"); Defs' Ex. E, Sextion Dep. at 33-35 (testifying that he was denied a break "seven or eight times in a month"); Defs.' Ex. F, Flowers Dep. at 76-80, 102 (testifying that when he worked as a roving guard, who was supposed to relieve other guards for their breaks,

**STATEMENT**

he made the guards sign the break log whether or not they had a break); Defs.' Ex. I, King-Booker Dep. at 32 (testifying that she did not get a break "two to three times" per month); Defs.' Ex. J, Reed Dep. at 52-54 (testifying that he did not get a break three to four times each week); Defs.' Ex. K, Ingram Dep. at 78-81, 93-94, 96-97, 101, 195 (testifying that, as a rover, she missed breaks two or three days each week and was told by defendant to fill in times on the guard break log even if the guards had not taken breaks).) The fact that plaintiffs worked at different sites and claim to have missed different numbers of breaks does not defeat the inference of commonality that emerges from their testimony – that defendants subjected all of them to the same unlawful practice of deducting pay for breaks they did not take.

Similarly, though plaintiffs claim to have attended varying numbers of meetings of varying lengths, their testimony is sufficient to suggest that defendants required all of them to attend meetings without pay. (*See* Defs.' Ex. C, Brown Dep. at 100-02 (testifying that he went to two or three meetings); Defs.' Ex. D, Horne Dep. at 72-75 (testifying that he went to twenty meetings, each about one and one-half hours in length); Defs.' Ex. E, Sextion Dep. at 26-27 (testifying that he attended one meeting); Defs.' Ex. F, Flowers Dep. at 82-83 (testifying that he attended one or two meetings per month); Defs.' Ex. G, Turner Dep. at 35-40 (testifying that he attended "about three" of twenty-minute meetings); (Defs.' Ex. H, Macklin Dep. at 52, 58-59 (testifying that he attended five, one-hour meetings); Defs.' Ex. I, King-Booker Dep. at 48, 51-55 (testifying that she attended three meetings of one hour, ninety minutes and forty-five minutes in length, respectively); Defs.' Ex. J, Reed Dep. at 48 (testifying that he attended two, forty-five-minute meetings); Defs.' Ex. K, Ingram Dep. at 49-54 (testifying that she attended six meetings as a roving guard and four to six thirty-minute meetings as a guard).)

In short, despite some factual variations, there is sufficient commonality among plaintiffs to warrant maintaining this suit as a collective action with two classes of plaintiffs: (1) those whose pay was deducted for breaks they did not take; and (2) those who were required to attend meetings without pay. Thus, the Court denies defendants' motion to decertify with respect to these claims.