IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LATONDRA INGRAM, Individually, and on Behalf of All Others Similarly Situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No.  11-cv-6566<br>)<br>) Judge Ronald A. Guzman |
| WORLD SECURITY BUREAU, INC. and DENA HALLOWAY, | )<br>) Magistrate Judge Sidney I. Schenkier<br>) |
| Defendants. | ) |

**PLAINTIFFS' PETITION FOR REASONABLE ATTORNEYS' FEES
AND COSTS**

Plaintiff, LATONDRA INGRAM, Individually, and on Behalf of All Others Similarly Situated (hereinafter collectively referred to as "Plaintiffs"), by and through their counsel, pursuant to 29 U.S.C. § 216(b) and Local Rule 54.3, submit this Petition for Reasonable Attorneys' Fees and Costs as the prevailing party in this litigation, for work performed between August 8, 2011 and September 10, 2013 by their counsel of record, the law firm of Stephan Zouras, LLP.  In support of this Petition, Plaintiffs state as follows:

This is a timely filed Petition for Reasonable Attorneys' Fees and Costs.  Plaintiffs were the prevailing party in this collective action in which 199 current and former employees of Defendants secured a monetary recovery.  The Court granted the parties' Joint Motion for Approval of Settlement on June 19, 2013, and reserved ruling on Plaintiffs' anticipated petition for attorneys' fees and costs following compliance with Local Rule 54.3.  (D.E. 137).

1. Statutory Basis for Awarding Attorneys' Fees and Costs

The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), provides that the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant [to a prevailing plaintiff],

1

and the costs of the action." The Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/12(a), likewise entitles plaintiffs to recover their reasonable attorneys' fees and costs.

2.  Amount of Attorneys' Fees

Plaintiffs seek $100,832.50 in attorneys' fees through the present at the current hourly rates of $500 per hour for James Zouras, $500 per hour for Ryan Stephan, $275 per hour for Andrew Ficzko, $250 per hour for Mark Goldstein, and $125 per hour for the legal assistants employed by Plaintiffs' counsel. (*See* Group Exhibit A). In addition, Plaintiffs seek $5,999.99 in reasonable and necessary costs expended. (*See* Exhibit B).

3.  Local Rule 54.3 Compliance

Local Rule 54.3 establishes the procedure that prevailing parties must follow in order to collect attorneys' fees in the Northern District of Illinois. In compliance with Local Rule 54.3, Plaintiffs undertook the following:

a. On or about May 17, 2013 Plaintiffs timely provided Defendants with the time and work records on which their Fee Petition would be based, the hourly rates that will be claimed for each "lawyer, paralegal, or other person" along with all the additional information required by Local Rule 54.3, including:

　　i. **Exhibit C**: an itemization of contemporaneously-prepared time and work records between August 8, 2011 and May 16, 2013 for Stephan Zouras, LLP regarding this matter, including, by item number, the date the legal services were performed, the name of the attorney or legal assistant performing the services, the hourly rates for each lawyer and legal assistant, a description of the legal services performed, and the time required to perform those particular legal services, broken down in six (6)

2

        minute intervals.

    ii. **Exhibit D**: a list of all expenses incurred by Stephan Zouras, LLP on behalf of Plaintiffs between August 8, 2011 and May 17, 2013 regarding the above-referenced matter, including, postage fee charges, Court filing charges, service of summons fees, transcript fees, claims administrator fees, court reporter fees, fees incurred for local travel, PACER charges, and video service fees for which reimbursement is requested.

b. On or about May 17, 2013, Defendants' counsel disclosed the total amount of attorney's fees paid by Defendants from approximately October 24, 2011 through March 31, 2013. (*See* Exhibit E).

c. On or about July 19, 2013, Defendants' counsel emailed Plaintiff's counsel a letter in response to Plaintiffs' submission of their billing records and expenses. (*See* Exhibit F).

d. On or about August 1, 2013, Plaintiffs' counsel emailed Defendants' counsel a draft of the Parties' L.R. 54.3 Joint Statement, with Plaintiffs' portions completed, which also reflected a substantial reduction in Plaintiffs' counsel's fees requested based upon Plaintiffs' counsel's reasonable billing judgment and a careful evaluation of Defendants' submissions pursuant to their July 19, 2013 correspondence. (*See* Group Exhibit G).

e. On or about August 15, 2013, Defendants' counsel emailed Plaintiffs' counsel the Parties' L.R. 54.3 Joint Statement which included the Defendants' completed portions of the Joint Statement pursuant to the local rule. (*See* Exhibit H).

f. On or about August 17, 2013, Defendants' counsel emailed Plaintiffs' counsel a

        supplement and amendment to their July 19, 2013 correspondence which explained Defendants' position regarding Plaintiffs' counsel's billing as noted in Defendants' portions of the Joint Statement. (*See* Exhibit I).

   g. In compliance with Local Rule 54.3(e), the parties conferred to produce a Joint Statement listing the following:

      i. the total amount of fees and related nontaxable expenses claimed by Plaintiffs including a summary table listing the name, hours, rates and totals for each biller (*See* Exhibit J);

      ii. the total amount of fees and/or related nontaxable expenses that the Defendants deem should be awarded (*Id.*);

      iii. a brief description of each specific dispute remaining between the parties as to the fees or expenses (*Id.*);

   h. Defendants do not oppose reimbursing Plaintiffs for $49,007.50 in attorneys' fees; approximately one-half of what they reasonably incurred. Further, Defendants have not indicated whether they oppose reimbursing Plaintiffs for all reasonable costs incurred.

4. <u>Conclusion</u>

For the reasons explained in Plaintiffs' Memorandum in Support of the Petition for Reasonable Attorneys' Fees and Costs, filed contemporaneously herewith, Plaintiffs are entitled to all of their fees and costs because they were reasonably expended in pursuit of the relief they obtained in this litigation and as a result of their attorneys' efforts. Accordingly, Plaintiffs respectfully request this Court to award all reasonable attorneys' fees incurred as a result of this litigation in the amount of $100,832.50 for the services of the law firm of Stephan Zouras, LLP

through September 10, 2013, and for reasonable and necessary costs in the amount of $5,999.99.

Dated:  September 10, 2013                                   Respectfully Submitted,


                                                    */s/ Andrew C. Ficzko*
James B. Zouras
Ryan F. Stephan
Andrew C. Ficzko
STEPHAN ZOURAS, LLP
205 North Michigan Avenue
Suite 2560
Chicago, IL 60601
(312) 233-1550
(312) 233-1560 *f*

5

## CERTIFICATE OF SERVICE

      I, the attorney, hereby certify that on September 10, 2013 I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

                                                                                 /s/ Andrew C. Ficzko